### ERROR IN DIRECTING VERDICT FOR DEFENDANT.

Circuit Court of Cuyahoga County.

THE GREENHUT CLOAK COMPANY v. THE AMERICAN CREDIT INDEMNITY COMPANY OF NEW YORK.

Decided, December 17, 1909.

*Directing a Verdict for Defendant, Where There is Evidence to be Weighed.*

Where there is evidence upon both sides to be weighed. it is error to direct a verdict for the defendant, notwithstanding the trial judge is of the opinion that, should the jury find for the plaintiff, he would grant a new trial on the weight of the evidence.

*W. D. McTighe,* for plaintiff in error.
*White, Johnson, McCaslin & Cannon,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The parties here are as they were in the court below. The plaintiff, a corporation, was engaged in merchandising in the city of Cleveland. The defendant is in the business of indemnifying merchants on accounts made by their customers, and it has a form of contract by which it makes this guarantee. This form of contract speaks of it as a bond and also as a contract of indemnity.

Without discussing whether technically this is to be called a bond, or a policy, or a contract of indemnity, a contract under this form used by the defendant was entered into between it and the plaintiff, whereby the defendant undertook to guarantee the

plaintiff against loss on accounts which should become due to it by its customers. This indemnified for a certain per cent. of losses and upon certain conditions as to things to be performed in the way of notice and the like, on the part of the plaintiff, in order to entitle it to the benefit of the indemnity.

Upon the trial, evidence was introduced tending to show that by reason of the failure of certain customers of the plaintiff to pay their several accounts, the plaintiff was entitled to recover from the defendant upon his contract of indemnity. Among those accounts was one against A. J. Van Loan, another against the National Credit Clothing Company, another against the Sampliner Cloak Company, and another against the Hahn-Berno Company. Besides these, there were a large number of other accounts against the customers of the plaintiff included in the suit. When the court came to submit the case to the jury it withdrew from their consideration the four claims above named, saying that the plaintiff was not entitled to recover anything upon any one of these accounts, and it is this instruction of the court which is complained of in the present proceeding.

We have examined the evidence carefully upon each of these accounts, and as to the third named, we reach the conclusion that the court was right in withdrawing this from the consideration of the jury. As to the last named, to-wit, the claim against the Hahn-Berno Company, we find that the court erred. There was some evidence on the part of the plaintiff in this case which should have gone to the jury. The argument made here is that the evidence introduced on the part of the plaintiff in reference to such claim is so completely overcome by the evidence of the defendant, that if the verdict had been rendered by the jury, including this claim, it must have been set aside on the weight of the evidence, and it would have been a vain thing for the court to have submitted to the jury a question, which, if found by them for the plaintiff, would not have been permitted to stand.

This argument has been used a great many times, and to many lawyers seems of weight, but the rule in Ohio is otherwise, and there is this difference to be noticed, that where the court directs a verdict there is not another opportunity for a retrial of the case, whereas, a verdict having been rendered, if the court finds

that it should be set aside on account of the weight of the evidence, the party is entitled to a new trial, upon which it is possible that he will produce sufficient evidence to entitle him to such verdict.    In any event, it is not an open question in Ohio where there is evidence upon each side to be weighed—that upon one side being set against that of the other—the court is not authorized to direct a verdict, and because a verdict was directed in reference to this claim the judgment of the court of common pleas must be reversed and the case remanded.

. The amount of this claim, if it were to be added to the judgment recovered by the plaintiff in the court below, would take away all the prejudice which the plaintiff suffered by reason of the error found.    But we by no means intimate that if the case had been submitted to the jury upon the evidence the verdict would have been increased at all by reason of this Hahn-Berno Company claim, but if the defendant desires to avoid a new trial and agrees to have the judgment of the court of common pleas so modified in this court as that the amount of this claim shall be added, the judgment as thus modified will be affirmed.    But we have no power to order that this shall be done, nor do we recommend it to be done; we simply suggest it, leaving the plaintiff to determine for itself whether it cares to have such modification.